No. 45,412

In the Interest of William McKinley Stephenson and Leroy Hudson, Boys Under 18 Years of Age, *Appellants*, v. State of Kansas, *Appellee*.

(460 P. 2d 442)

Opinion filed November 8, 1969.

*Charles S. Scott,* of Topeka, argued the cause and was on the brief for the appellants.

*Gene Olander,* County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

Hatcher, C.: This is an appeal from judgments of the district court of Shawnee County in proceedings under K. S. A. 1965 (now 1967) Supp. 38-808 (*b*) finding that the appellants, then under 18 years of age, were not fit and proper subjects to be dealt with under the Kansas Juvenile Code and directing their prosecution as adults under applicable criminal statutes.

William McKinley Stephenson and Leroy Hudson, Jr. were separately charged in the Juvenile Court of Shawnee County, Kansas with committing acts of delinquency on April 28, 1967, by allegedly committing the acts of rape, assault and theft. Each of the juveniles was 17 years of age on the date of the alleged crimes. On application of the county attorney, the judge of the juvenile court appointed a guardian *ad litem* for each of the two juveniles, held hearings, made findings in line with the language of the statute and entered orders in each case waiving jurisdiction and directing the county attorney to commence prosecutions under the applicable criminal statutes.

Each of the juveniles filed an appeal to the district court. As the matters were tried *de novo* in the district court and the appeals

to this court are from the orders of the district court, we are interested only in the alleged errors of the district court, and the proceedings in the juvenile court will be given no further attention.

The district court heard evidence, made extensive findings of fact and concluded in each case:

I

"The record and previous history of the appellant, including contacts with law enforcement agencies, the Juvenile Court and school authorities indicate a continued trend toward anti-social behavior.

II

"If appellant is found guilty of the alleged offenses, the prospects for adequate protection of the public are poor and there is little likelihood of reasonable rehabilitation of appellant by the use of procedures, services and facilities currently available to the Juvenile Court.

III

"The alleged offenses appear to have been committed in a willful, violent and aggressive manner.

IV

"The alleged offenses of appellant include offenses against persons of a serious nature to the community and from which the community requires protection.

V

"Substantial evidence has been adduced that the offenses alleged are punishable as felonies under the general law of the State of Kansas and that appellant was sixteen years of age or older at the time of the alleged commission of such offenses and that appellant would not be amenable to the care, treatment and training program available through the facilities of the Juvenile Court.

VI

"Appellant is not a fit and proper subject to be dealt with under the Kansas Juvenile Code."

It was ordered that the appellants be prosecuted under the applicable criminal statutes and the proceedings in the juvenile court be dismissed.

The district court's findings, which were amply supported by evidence of previous offenses, supported the conclusions reached.

The two juveniles have appealed and the appeals were consolidated for hearing before this court.

The appellants first contend:

The judgment is erroneous because the evidence adduced in support of the certification consisted solely of past juvenile delin-

quent records and there was no evidence in support of the alleged offenses involved in the certification for trial in the district court, and the appellants were not confronted with the alleged victims at the hearing.

There is no merit in the contentions. The statute does not require proof of the offenses alleged in the petition in the juvenile court be made at the hearing to determine whether the juvenile court should release its jurisdiction. The above contentions were fully considered and decided in *In re Templeton,* 202 Kan. 89, 447 P. 2d 158.

Out of fairness to counsel for the appellants we should state, however, that at the time the briefs were filed in the case now under consideration the *Templeton* case had not been decided. Be that as it may, it would serve no useful purpose to extend this opinion by reiterating here what was said in the very recent *Templeton* case. We incorporate herein by reference what was there said and make it a part of this decision.

The appellants would appear to contend that the sole reason jurisdiction of the juvenile court was relinquished was lack of facilities at the Boys' Industrial School to handle the culprits.

We do not so understand the findings or the evidence. The district court had before it a long list of delinquent conduct on the part of both appellants which justified the conclusions of the district court as set out herein.

An examination of the record discloses sufficient evidence to support the order relinquishing jurisdiction of the juvenile court and certifying the delinquents to the district court for trial.

The judgment is affirmed.

APPROVED BY THE COURT.